FILED
at Santa Fe, NM

MAR 5 - 2002

ROBERT M. MARCH, Clerk
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 00-1341 MV |
| ) | |
| GENERAL WASTE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(e)(2), Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, General Waste Corporation, and the defendant's counsel, Charles N. Lakins:

### REPRESENTATION BY COUNSEL

1. The defendant understands its right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with its attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands its rights:

   a. to plead not guilty;

   b. to have a trial by jury; and

   c. to confront and cross-examine witnesses and to call witnesses in its defense.

96

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.  The defendant hereby agrees to waive these rights and to plead guilty to Counts 21, 23, and 25 of a twenty-six-count indictment, counts which charge violations of 42 U.S.C. § 6928(d)(2)(A) and 18 U.S.C. § 2, that being the illegal storage of hazardous waste and aiding and abetting.

## SENTENCING

4.  The defendant understands that the maximum penalty the Court can impose is:

   a.  probation for a period of not more than five (5) years;

   b.  a fine not to exceed $50,000 per day of violation;

   d.  a mandatory special penalty assessment of $400 per count of conviction; and

   e.  restitution as may be ordered by the Court.

5.  The parties agree, in accordance with Rule 11(e)(1)(C), Fed. R. Crim. P., that the sentence shall be as follows:

   a.  The defendant shall be sentenced to a term of five years probation;

   b.  The following conditions of probation shall apply:

   (1)  Pursuant to 18 U.S.C. § 3563(a)(1), the defendant shall not commit any other federal, state, or local crime during the term of probation;

2

(2) The defendant shall not violate any federal, state, or local statute or regulation applicable to its business during the term of probation;

(3) The defendant shall not engage in any operations, directly or indirectly, involving hazardous waste handling, storage, transport, or disposal during the term of probation;

(4) The defendant shall not request, either directly or indirectly, through an agent or other business entity in which it holds a controlling interest, any permit, license, or permission to handle, store, transport, or dispose of hazardous waste during the term of probation;

(5) The defendant shall pay restitution in the approximate amount of $16,395 to the New Mexico Environment Department upon sentencing;

(6) The defendant shall pay a fine in the amount of $300,000 during the term of probation. The fine shall be paid after full payment of restitution, and is subordinate to the payment of restitution and subordinate to payment of all current debts the defendant owes to the Internal Revenue Service or to the New Mexico Taxation and Revenue Department. At the end of the term of probation, any unpaid balance of the fine will be converted to a stipulated judgment against the

defendant, which the defendant will agree to pay.  The defendant agrees to sign any necessary documents to accomplish this conversion.  The United States Attorney's Office for the District of New Mexico may enforce the stipulated judgment against the defendant by any means available under the law.  This fine and any resulting stipulated judgment is imposed against the defendant General Waste Corporation only, and cannot be transferred to or imposed against its co-defendant Emmanuel N. Ohiri personally.

6. If the Court rejects this agreement in whole or in part, then, in accordance Rule 11(e)(4), Fed. R. Crim. P., the defendant shall be afforded an opportunity to withdraw its plea of guilty.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

7. The defendant understands its obligation to provide the United States Probation Office with truthful, accurate, and complete information.  The defendant hereby represents that it has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

8. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging that, the defendant knowingly waives the right to appeal any sentence imposed in accordance

with this plea agreement. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the Court fails to adhere to the terms of this plea agreement.

## GOVERNMENT'S AGREEMENT

9. Provided that the defendant fulfills its obligations as set out above, the United States agrees that:

    a. The United States will move at the time of sentencing to dismiss the remaining counts of this indictment as to the defendant.

    b. The United States will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

10. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

11. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.

## VIOLATION OF PLEA AGREEMENT

12. The defendant understands and agrees that if it violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation

5

including, but not limited to, any crime(s) or offense(s) contained in or related to the indictment filed in this case, as well as perjury, false statement, and obstruction of justice.

## SPECIAL ASSESSMENT

13. At the time of execution of this plea agreement, the defendant will tender to the District Court a money order or certified check payable to the order of the **United States District Court**, District of New Mexico, 333 Lomas Blvd. N.W., Suite 270, Albuquerque, New Mexico 87102, in the amount of $1200 in payment of the special penalty assessment described above.

**ENTIRETY OF AGREEMENT**

14. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 5 day of March, 2002.

DAVID C. IGLESIAS
United States Attorney

EDWIN G. WINSTEAD
LAURA FASHING
Assistant United States Attorneys
201 Third Street N.W., Suite 900
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily agree to it on behalf of the defendant, General Waste Corporation. Further, I have consulted with the defendant's attorney and fully understand the defendant's rights. I certify that I am an officer of the defendant and am fully authorized to act on its behalf, and that I have been specifically authorized to bind it with respect to this agreement.

EMMANUEL N. OHIRI, President/CEO
GENERAL WASTE CORPORATION

I have read this agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur with my client's decision to plead guilty as set forth in this agreement.

CHARLES N. LAKINS
Dolan & Domenici, P.C.
Attorney for Defendant